**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**THERESA FANUAEA GURR LEIATAUA, Defendant**

High Court of American Samoa
Trial Division

CR No. 9-94
CR No. 44-94

December 5, 1996

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Henry W. Kappel, Assistant Attorney General
For Defendant, Afoa L. Su'esu'e Lutu

Order Denying Motion for Reconsideration or New Trial:

This court convicted defendant Theresa Fanuaea Gurr Leiataua ("Leiataua") on two counts charging the offenses of larceny and fraud as an officer of the Development Bank of American Samoa ("DBAS"), following a lengthy bench trial which ran from May 23 to June 5, 1995.

Leiataua now moves for reconsideration or new trial on the grounds that: (1) we factually erred in finding that Leiataua's loan was not properly approved by DBAS's Board of Directors; (2) approval of the loan by DBAS's President was sufficient, as a matter of law, to justify Leiataua in receiving the loan; (3) as a borrower Leiataua had the prerogative to

89

utilize loan proceeds any way she chose once the loan was disbursed; (4) we erred in finding intent to defraud or injure DBAS, since Leiataua had the intention and capacity to repay the loan; (5) we erred in our application of *United States v. Krepps*, 605 F.2d 101, 104 (3d Cir 1979), because the *Krepps* defendant fraudulently channeled a loan through a third-party before it was disbursed to the defendant, whereas Leiataua received her loan in her own name; and (6) we erred in our interpretation of facts surrounding the disbursement of a check for $2,691.05.[1]

## I. Factual Issues

As to the first, fourth, and sixth errors claimed by Leiataua, we made specific factual findings regarding those issues and have been given no persuasive reason to revisit those findings.

## II. President's Approval

Leiataua complains that it was not her responsibility to see that her loan was properly authorized, and that she had a right to apply for a loan and to rely on the authorization of DBAS's President. This argument is clearly frivolous and indeed is almost ludicrous when one considers that Leiataua was Vice President for Loans at the time her loan was obtained, and initiated disbursement of the loan to herself.

Certainly the average citizen who walks into a bank is not responsible to make certain that the bank follows its own authorization procedures, but the Vice President for Loans is in a position to know the procedures and carries a fiduciary duty to see that they are followed. Furthermore, we made specific factual findings that Leiataua never made a loan application specifically for DBAS's purchase of her Amerika Samoa Bank loan. We would be remiss if we failed to point out, as we did in our earlier opinion, that the average citizen also could not expect to walk into DBAS and be granted a loan to refinance another debt which was in danger of acceleration and foreclosure and not guaranteed by DBAS.

---

[1] We have other grounds for denying this motion, and thus will not take up a detailed analysis of the Government's argument that the defense has waived its objections to the sufficiency of the evidence by failing to renew the motion to acquit at the conclusion of all of the evidence, or in a timely manner after the verdict, as required by T.C.R.Cr.P. 29(c). For our purposes, it is sufficient to note that Rule 29(c) specifically applies to jury verdicts, and therefore a formal motion to acquit at the conclusion of a bench trial is unnecessary. CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE, CRIMINAL 2D § 469; *Hall v. United States*, 286 F.2d 676, 677 (5th Cir. 1960). The not guilty plea itself is sufficient to ask the court for a judgment of acquittal. *Id.*

### III. Borrower's Prerogative

█ Leiataua cites *United States v. Gens*, 493 F.2d 216, 222 (1st Cir. 1974) for the proposition that the borrower of funds may apply the funds to any purpose he/she sees fit, regardless of the declared purpose of the loan on the application. *Gens* simply does not support that argument. *Gens* concerns circumstances where a third-party is utilized to obtain credit for the real borrower. The First Circuit held that such activities were not inherently harmful to the bank where "the named debtor is both financially capable and fully intends to repay the loan." *Id.* at 233 n.15. If *Gens* has any application to the present case whatever, it is for its statement that harm to a bank is established if there are "special circumstances demonstrating injury or risk of injury to the bank despite the obligation of a financially responsible party to the bank.", *Id.* at 222 n.14. In the present case, Leiataua used her position as Vice President for Loans to bail herself out of a bad situation with another financial institution, and in so doing imposed a loan for a substantial amount of money for unauthorized purposes on the financial institution which she had a fiduciary duty to serve.

### IV. Application of United States v. Krepps

Leiataua attempts to distinguish *United States v. Krepps*, 605 F.2d 101, 104 (3d Cir. 1979), based on the fact that it involved circumstances where a loan officer approved loans for third parties, the proceeds of which were then transferred back to the loan officer. The broad principle behind *Krepps*, however, is that a bank officer who uses deceptive tactics in a process of self-dealing (by making loans for personal private gain or other advantage) is guilty of misapplication of funds. *Id.* at 106-07.

The motion for reconsideration or new trial is denied.

According to our previously announced intentions, the hearing to set the beginning date of Leiataua's probation and to structure her final conditions of probation, and to consider any further motions filed properly after today, is scheduled on December 26, 1995, at 9:00 a.m.

It is so ordered.